USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:   3/24/2015

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ROBERTO CIAPRAZI,                                                       :
                                                                        :
                                                      Plaintiff,        :
                                                                        :
                        -against-                                       :          **ORDER**
                                                                        :
BRIAN FISCHER, DANIEL F. MARTUSCELLO III,                               :          13-CV-4967 (VEC) (FM)
JOSEPH F. BELLNIER, MICHAEL CAPRA, W.                                   :
KEYSER, W. WINSHIP, BRIAN D. KELLY, R.                                  :
BRERETON, V. GEORGE, D. McCANTS, W. RAMOS,                              :
A. McKENZIE, J. BRIGGS, J. HARVEY, J. MILLER, N.                        :
STEWART, JUNI DAWKINS, PAUL O'BRIAN, P.                                 :
LOPES,                                                                  :
                                                                        :
                                                      Defendants.       :
------------------------------------------------------------------------X
VALERIE CAPRONI, United States District Judge:

    Roberto Ciaprazi, an inmate at Sing Sing, initiated this action *pro se*, asserting twenty-

four constitutional and state law causes of action against nineteen officials of the New York State

Department of Corrections and Community Supervision ("DOCCS").  Primarily, Ciaprazi asserts

that the conditions of his confinement in various units of Sing Sing have been violative of his

rights under the Eighth Amendment.  Three defendants – Brian Fischer, Joseph Bellnier, and

Daniel Martuscello – moved to dismiss Ciaprazi's Amended Complaint as asserted against them,

and all defendants moved to dismiss all state law claims. Dkt. 91.[1]  Chief Magistrate Judge

Frank Maas issued a Report and Recommendation ("R&R") recommending that the Court

dismiss the first, second, fifth, tenth, fourteenth, sixteenth, and twenty-first causes of action as

against Fischer and the twenty-second, twenty-third, and twenty-fourth causes of action as

against all defendants. Dkt. 138, R&R at 23.  More than fourteen days have elapsed since

---

[1]    Oddly, the motion filed by the New York State Office of the Attorney General purports to be filed on
behalf of only Fischer, Bellnier, and Martuscello; the Court assumes that the other defendants join in the portion of
the motion and the briefing seeking to dismiss all of the state law claims against all defendants.

service of the R&R on the Plaintiff, who has failed to object; Fischer objected only to the recommendation that the Court deny the motion to dismiss the thirteenth cause of action as against Fischer.  After a careful review of the R&R – and particularly its analysis of the thirteenth cause of action – the Court agrees with Fischer's objection.  Accordingly, the R&R is ADOPTED in full except that the thirteenth cause of action is DISMISSED as against Fischer.

## DISCUSSION

"A district court reviewing a magistrate judge's report and recommendation 'may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.'"  *Seifts v. Consumer Health Solutions LLC*, No. 05-CV-9355(ER)(LMS), 2015 WL 1069270, at *1 (S.D.N.Y. Mar. 11, 2015) (quoting 28 U.S.C. § 636(b)(1)).  "The district court must review *de novo* the portions of the Report to which timely objections have been made."  *Sadagheh v. Heath*, No. 12-CV-184(LTS)(GWG), 2015 WL 1239871, at *1 (S.D.N.Y. Mar. 18, 2015) (citing *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997)).

Neither party objects to those portions of the R&R recommending that the Court: grant Defendants' Motion to Dismiss the first, second, fifth, tenth, fourteenth, sixteenth, and twenty-first causes of action as against Fischer; grant the Defendants' Motion to Dismiss the twenty-second, twenty-third, and twenty-fourth causes of action as against all defendants; and deny the Defendants' Motion to dismiss all claims as to Bellnier and Martuscello.  The Court has reviewed the R&R and has found no clear error.  Accordingly, the Court adopts all of the unobjected-to portions of the R&R.

The sole objection that either party voiced to Chief Judge Maas's R&R was Fischer's objection to the recommendation that the Court deny the motion to dismiss the thirteenth cause of action against Fischer.  The thirteenth cause of action, brought pursuant to 42 U.S.C. § 1983,

alleges that the failure of certain defendants, including Fischer, "to investigate or otherwise take action to curb the known unconstitutional conditions generated by closing the windows in 'A' block, and in creating a custom of permitting such unconstitutional conditions to exist in 'A' block for protracted periods of time, constituted deliberate indifference and contributed to and proximately caused" extreme temperatures and unbreathable air, in violation of Ciaprazi's Eighth Amendment rights.  Am. Compl. ¶ 233.  Fischer – who was "the Commissioner of the DOCCS" from 2007 through April 2013, *id.* ¶ 8 – asserts that the Amended Complaint does not adequately allege his personal involvement in the decision to keep the windows closed in one housing unit in one prison managed by the State DOCCS.

"It is well established that the submissions of a *pro se* litigant must be construed liberally and interpreted 'to raise the strongest arguments that they *suggest.*'"  *Triestman v. Fed. Bureau of Prisons,* 470 F.3d 471, 474 (2d Cir. 2006) (*per curiam*) (quoting *Pabon v. Wright,* 459 F.3d 241, 248 (2d Cir. 2006)) (emphasis from *Triestman*).  Courts should go to lengths to ensure that inexperienced *pro se* litigants do not inadvertently forfeit rights or winning arguments; this "special solicitude" includes a liberal construction of papers and a flexibility on some otherwise-rigid procedural rules.  *Tracy v. Freshwater* 623 F.3d 90, 101 (2d Cir. 2010).  Courts "should be particularly solicitous of *pro se* litigants who assert civil rights claims" and incarcerated litigants.  *Id.* at 102.  Ciaprazi falls into both categories.

"It is well settled that, in order to establish a defendant's individual liability in a suit brought under § 1983, a plaintiff must show, *inter alia,* the defendant's personal involvement in the alleged constitutional deprivation."  *Grullon v. City of New Haven*, 720 F.3d 133, 138 (2d Cir. 2013).  The Second Circuit has "previously held that:

> [t]he personal involvement of a supervisory defendant may be shown by evidence that: (1) the defendant participated directly in the alleged constitutional violation,

> (2) *the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong*, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) *the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring.*"

*Id.* at 139 (quoting *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995)) (emphases in *Grullon*).[2]

Ciaprazi argues that Fischer was aware of the conditions in "A" block for two reasons. *See* Mem. Opp. at 17-18. First, he contends that he wrote to Fischer during October 2012 and February 2013 to complain that the prison's failure to open the windows led to hot and stale air. Fischer did not respond to or acknowledge receipt of these letters. Am. Compl. ¶¶ 166, 175. Ciaprazi does not object to the R&R's conclusion that, even under *Colon*, such an allegation is insufficient to establish Fischer's personal involvement. *See* R&R at 17. Ciaprazi contends, however, that the letters are buttressed by information that Fischer knew or should have known while he was the Superintendent at Sing Sing. *See* Mem. Opp. at 17-18.

On March 27, 2006 (approximately seven years before filing this lawsuit), Ciaprazi sent a letter to then-Superintendent Fischer complaining about the "conditions of confinement" "in B block, which is this prison's worst general confinement block, as you surely know." Mem. Opp.

---

[2]      "In 2009, the Supreme Court in *Ashcroft v. Iqbal* squarely addressed supervisory liability claims, and held that 'Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior.*'" *Hollins v. City of New York*, No. 10-CV-1650(LGS), 2014 WL 836950, at *13 (S.D.N.Y. Mar. 3, 2014) (quoting 556 U.S. 662, 676 (2009)). "It is unclear – and the Second Circuit has not explicitly ruled on – what remains of *Colon* in the wake of *Iqbal.*" *Id.* (citing *Reynolds v. Barrett*, 685 F.3d 193, 205 n.14 (2d Cir.2012); *see also Grullon*, 720 F.3d at 139 (declining to "reach *Iqbal*'s impact on *Colon* in this case" because the "initial complaint did not adequately plead the Warden's personal involvement even under *Colon*"). This Court shares a general skepticism that the five *Colon* factors all pass muster under *Iqbal*, *see, e.g., Doe v. New York*, No. 10-CV-1792(RJD), 2015 WL 1221495, at *5 (E.D.N.Y. Mar. 16, 2015); *Zappulla v. Annucci*, No. 11-CV-6733(JMF), 2015 WL 925928, at *6 (S.D.N.Y. Mar. 4, 2015); for the purposes of this opinion, however, the Court assumes that satisfaction of any *Colon* factor would establish Fischer's personal liability.

     Had Defendants objected to those portions of the R&R discussing the interplay between *Colon* and *Iqbal*, the Court, reviewing *de novo*, would likely have found in their favor; the Court is disinclined, however, to find "clear error" in Chief Magistrate Judge Maas's thoughtful analysis.

4

Ex. 20 at 1.  The March 2006 letter specifically noted that "the windows have been kept

continuously closed since *last year*, allowing no fresh air in the block at all."  *Id.*  It also included

specific and detailed complaints ranging from infrastructure issues, such as the "cell gates system

[that worked] by only opening 35 cells at once, allowing for property to be stolen," decrepit

paint, rusty walls, broken toilets, leaky roofs, messy tables, problematic automated lighting, and

insufficient gym equipment, *id.*; to personnel issues, such as "rampant" harassment by the staff,

unprofessional attire worn by guards, threats announced to prisoners through the PA system, and

arbitrary and capricious adjudication of inmate disciplinary infractions, *id.* at 1-2.  Ciaprazi

ended his letter by "request[ing] that [he] be moved out of B-block at once," or be transferred

"out of Sing Sing C.F. and back to Clinton."  *Id.* at 2.  Ciaprazi signed the letter: "Roberto

Ciaprazi, RC/ebl."  *Id.*  Fischer responded to Ciaprazi's letter – which had referenced some of his

earlier correspondence to the Superintendent – by memorandum that read, in its entirety:

> This is in response to your recent correspondence to this office dated 3-27-06 and
> related to living in B Block, staff issues and a request for a transfer.  It is
> recommended that you ask your correction counselor to request an "Area
> Preference" transfer back to Clinton.  Your transfer to Eastern is highly unlikely.
> Who is ebl, the person who types up all your correspondence?
> BF/mrf.

Mem. Opp. Ex. 21.  This brief response to Ciaprazi's very detailed letter outlining many

complaints about B Block was dated March 31, 2006.

Nothing in Fischer's response to Ciaprazi's missive suggests that Fischer knew that the

conditions about which Ciaprazi complained regarding B Block must also have existed in A

Block.  Such a leap of logic would have been particularly unlikely in light of Ciaprazi's request

that he "be moved out of B-block," which was "the prison's worst general confinement block."

Mem. Opp. Ex. 20 at 1-2.  To assert that the conditions of A Block in 2013 were made known to

Fischer by Ciaprazi's 2006 complaints that were, on their face, only one of a lengthy laundry list

5

of concerns very specific to B Block, is a bridge too far.  Even if the Court were to assume that

Fischer read, understood, and remembered each of Ciaprazi's many complaints from seven years

prior that related to B Block, and even reading the Amended Complaint generously, there is no

plausible allegation that the DOCCS Commissioner was aware of allegedly unconstitutional

conditions caused by the state of the windows in Sing Sing's A Block.  Accordingly, Ciaprazi's

thirteenth cause of action is dismissed as against Fischer.  *Cf. Raspardo v. Carlone*, 770 F.3d 97,

122 (2d Cir. 2014).

## CONCLUSION

For the reasons set forth above, the R&R is ADOPTED in full except that the thirteenth

cause of action is dismissed as against Fischer.  Ciaprazi's first, second, fifth, tenth, thirteenth,

fourteenth, sixteenth, and twenty-first causes of action are dismissed as against Fischer only;

Ciaprazi's twenty-second, twenty-third, and twenty-fourth causes of action are dismissed as

against all defendants.  No later than April 27, 2015, Ciaprazi may file a second amended

complaint in order to allege Fischer's personal involvement in the alleged violations of

Ciaprazi's constitutional rights.  Amendments after that time will only be permitted with good

cause shown.  The Clerk of the Court is respectfully directed to terminate defendant Brian

Fischer from the case and to terminate Dkt. 91.  The Clerk of the Court is further directed to mail

a copy of this Order to Plaintiff and to note service on the docket.


**SO ORDERED.**

**Date:  March 24, 2015**
       **New York, NY**                                **VALERIE CAPRONI**
                                                        **United States District Judge**

6