USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:   12/2/2015

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x

ROBERTO CIAPRAZI,                          :

                          Plaintiff,       :

          - against -                      :

                                           :

BRIAN FISCHER, et al.,                     :

                          Defendants.      :
----------------------------------------------------------x

**REPORT AND
RECOMMENDATION
TO THE HONORABLE
<u>VALERIE E. CAPRONI</u>**

13cv4967-VEC-FM

**FRANK MAAS**, United States Magistrate Judge.

   <u>Pro se</u> plaintiff Roberto Ciaprazi ("Ciaprazi") is serving a lengthy prison

sentence following his conviction on kidnapping and other charges.  Until recently, he

was lodged at the Sing Sing Correctional Facility ("Sing Sing") in Ossining, New York.

While there, he commenced this civil rights action pursuant to 42 U.S.C. § 1983 against

eighteen Sing Sing correction officers and officials (collectively, the "Defendants").  In

addition to claims regarding allegedly racially-motivated and retaliatory disciplinary

actions, Ciaprazi asserts Eighth Amendment claims arising out of what he maintains are

unconstitutional living conditions in Building 5 and Housing Block A of Sing Sing. (See

ECF No. 5 (Am. Compl.) ¶¶ 37-58 (Building 5), 156-220 (Housing Block A)).

   Ciaprazi initially moved for a temporary restraining order to remedy the

inadequate ventilation, poor air quality, and excessive nighttime lighting to which he

allegedly was subjected in Housing Block A.  (ECF No. 150).  Thereafter, Ciaprazi asked

that his motion be converted into a motion for a preliminary injunction.  (ECF No. 170).

Through these means, Ciaprazi sought to compel the Defendants to (a) open all the windows in Housing Block A on a daily basis, and (b) turn off all lights in Housing Block A between 10 p.m. and 6 a.m.  In the alternative, Ciaprazi sought a transfer to either Building 7 of Sing Sing or the Fishkill Correctional Facility ("Fishkill").

On the eve of my issuance of a Report and Recommendation regarding Ciaprazi's motion, the Office of the New York State Attorney General, which represents the Defendants, informed me that Ciaprazi has been transferred to Fishkill.  (ECF No. 188).  I since have received a letter from Mr. Ciaprazi confirming that this transfer occurred.  (ECF No. 189).  In light of this development, the Defendants request that Ciaprazi's motion for injunctive relief be denied as moot.  (ECF No. 188 at 1 (citing Day v. Chaplin, 354 F. App'x 472 (2d Cir. 2009)).

But for the receipt of these letters, I shortly would have recommended to Your Honor that Ciaprazi's motion be denied because he failed to show either a substantial likelihood of success on the merits or that very serious damage would result from the denial of his requests for preliminary injunctive relief.  There is, however,  no need to elaborate on the reasons I would have made that recommendation because the Defendants are plainly correct that Ciaprazi's transfer renders moot his request for a preliminary injunction.

The Second Circuit's decision in Mawhinney v. Henderson, 542 F.2d 1 (2d Cir. 1976), is instructive in this regard.  In that case, the plaintiff, as here, sought injunctive relief to remedy alleged constitutional wrongs at the correctional facility where

2

he was housed when his suit was filed.  Thereafter, he was transferred to another

correctional facility.  In these circumstances, the Court of Appeals held that his request

for an injunction had to be denied as moot.  As the court explained, "for a federal court to

exercise its judicial power, an actual case or controversy must exist at each stage of

review and not only at the time the complaint is filed."  Id. at 2 (citing Steffel v.

Thompson, 415 U.S. 452, 459 n.10 (1974)).  This requirement could not be met because

the plaintiff's transfer meant that there was no longer a justiciable issue regarding his

request for an injunction, even though his claim for money damages arising out of the

same alleged misconduct survived.  Id.; see also Hernandez v. Carbone, 567 F. Supp. 2d

320, 331 (D. Conn. 2008) ("The problem for Mr. Hernandez is that he no longer is

detained.  Therefore, any injunctive relief for Mr. Hernandez on his 'as applied'

constitutional claims is moot.").

       Here, Ciaprazi does not contend that the air or lighting at his new facility –

Fishkill – fails to meet constitutional norms.  On the contrary, he specifically sought a

transfer to that facility so that he would be free of the conditions at Sing Sing that he

claims violated his constitutional rights.  There consequently is no continuing wrong that

this Court could address through injunctive relief.  It follows that Ciaprazi's claims for

injunctive relief are moot.

       There is, of course, an exception to the general rule of mootness in cases

that are "capable of repetition, yet evading review."  Murphy v. Hunt, 455 U.S. 478, 482

(1982).  Unless a suit has been filed on behalf of a class, this doctrine requires a plaintiff

to demonstrate both that "the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and . . . [that] there [is] a reasonable expectation that the same complaining party would be subjected to the same action again." Weinstein v. Bradford, 423 U.S. 147, 149 (1975) (per curiam). On the facts of this case, Ciaprazi cannot make either of these required showings. Indeed, one of Ciaprazi's consistent themes has been that the allegedly substandard conditions at Sing Sing are of long-standing duration. Moreover, even if a prisoner who is serving a long sentence could be expected to be moved from facility to facility over time, there is no reason to believe that Ciaprazi ever will be returned to Sing Sing, much less that he will be housed in one of the two housing blocks there that he has characterized as objectionable.[1]

Finally, although Ciaprazi has submitted a number of affidavits and declarations from his fellow inmates in support of his claims concerning the air quality in Sing Sing's Housing Block A, he is not an attorney and cannot represent their interests in this suit. The litigation also is not a class action. The fact that other inmates still may be exposed to conditions that Ciaprazi believes violated his constitutional rights therefore would not entitle him to secure injunctive relief on their behalf even if he were able to

---

[1] In that regard, I note that Sing Sing is in the midst of two projects that will likely cure the ventilation problems about which Ciaprazi complained. As the Plant Superintendent has indicated: "The first project will increase the efficient intake of fresh air into [Housing] Block A and will provide heated fresh air. . . . The second project is to replace all the windows" there. (ECF No.164 (Decl. of Kevin Delanoy, dated May 14, 2015, ¶ 17)). Both projects are estimated to be completed by August 2016. (Id.).

4

demonstrate an Eighth Amendment violation.  See McCall v. Pataki, 232 F.3d 321, 322

(2d Cir. 2000) ("A pro se litigant . . . is not empowered to proceed on behalf of anyone

other than himself.").

In sum, Ciaprazi's request for injunctive relief is unquestionably moot, and

he is not entitled to seek injunctive relief on behalf of any inmates who remain in Housing

Block A.  His motion for a preliminary injunction, (ECF No. 150), therefore should be

denied.

Notice of Procedure for Filing
Objections to this Report and Recommendation

The parties shall have fourteen days from the service of this Report and

Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule

72(b) of the Federal Rules of Civil Procedure.  See also Fed. R. Civ. P. 6(a) and (d).  Any

such objections shall be filed with the Clerk of the Court, with courtesy copies delivered

to the chambers of the Honorable Valerie E. Caproni, to my chambers at the United States

Courthouse, 500 Pearl Street, New York, N.Y. 10007, and to any opposing parties.  See

28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b).  Any requests for an extension of

time for filing objections must be directed to Judge Caproni.  The failure to file these

timely objections will result in a waiver of those objections for purposes of

appeal.  See Thomas v. Arn, 474 U.S. 140 (1985); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P.

6(a), 6(d), 72(b).

Dated:          New York, New York
                December 2, 2015

                                    _____
                                         FRANK MAAS
                                    United States Magistrate Judge